UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FAMILY CHRISTIAN WORLD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:23-CV-256-PPS-JPK |
| ) | |
| PHILADELPHIA INSURANCE COMPANIES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court sua sponte.

Plaintiff Family Christian World, Inc. ("Family Christian") filed a complaint in the Superior Court of Lake County, Indiana alleging that Defendant Philadelphia Insurance Companies ("PIC") has refused to pay the entire amount owed under an insurance policy covering property owned by Family Christian and located in Munster, Indiana. [DE 5]. On July 21, 2023, PIC removed the state court complaint pursuant to 28 U.S.C. §§ 1441 and 1446, alleging federal jurisdiction pursuant to 28 U.S.C. § 1332(a). [DE 3]. The Notice of Removal alleges that Family Christian is a corporation organized under the laws of Indiana with its principal place of business in Indiana, that PIC is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania, and that the amount of unpaid insurance proceeds at issue exceeds $75,000.00 exclusive of interest and costs. [*Id.* ¶¶ 8, 10; *see also* DE 5, ¶ 7 and Wherefore clause].

No appearance of counsel on behalf of Family Christian has been filed, either in state court or this Court. In other words, up until this point Family Christian has been proceeding in this case pro se, that is, acting as its own counsel. The state court complaint is signed by someone identified

as the "authorized agent" for Family Christian, but there is no typed name. [*Id.* at 2]. According to PIC, it "has not been able to identify the appropriate representative for Plaintiff, who filed this action pro se, and the signature of the representative that filed the Complaint on Plaintiff's behalf is illegible." [DE 4 ¶ 6].

The Seventh Circuit, like all federal courts, has held that a corporation cannot represent itself in court. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se. The corporation is just a convenient name for a complex web of contracts among managers, workers, and suppliers of equity and debt capital. ... We have held that corporations must appear by counsel or not at all." (citing *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F2d 32, 33-34 (7th Cir. 1976))); *see also Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel.") (citing cases, including *Turner v. Am. Bar Ass'n*., 407 F. Supp. 451, 476 (N.D. Ind. 1975) (discussing federal statute that permits individuals to proceed pro se in federal courts (28 U.S.C. § 1654), and observing that: "Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."), *aff'd. sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976)); *Gray v. United States*, No. 11 CV 3269, 2011 WL 6318949, at *2 (N.D. Ill. Dec. 16, 2011) ("[A] corporation cannot appear in federal court unless it is represented by a licensed attorney. This is not a matter of discretion with this Court and has been well settled law for nearly two centuries. (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194 (1993), and *Osborn v. President of Bank of U.S.*, 22 U.S. 738 (1824)).

Given the above, it would appear that, under this well established law, Family Christian must obtain legal counsel or else suffer the consequences (likely the dismissal of its claims for failure to prosecute, *see, e.g, Mendenhall v. Goldsmith*, 59 F.3d 685, 687 n.1 (7th Cir. 1995) ("Plaza Hill Realty Corporation has not appeared by counsel, and its appeal is dismissed.")). The Court is aware that Family Christian did not file this case in federal court. Rather, it was removed here by PIC. Whether that circumstance would or should affect the procedural rule that Family Christian may not appear pro se in federal court is not currently before the Court.

Accordingly, Family Christian is **DIRECTED** to file on or before **August 28, 2023** either (1) an appearance of counsel; or (2) a statement opposing the requirement of appearing by counsel, which may include a request for some alternative relief to which Family Christian believes it is entitled, and/or a good faith argument for exempting it from the rule against a corporation proceeding pro se. The Notice of Automatic Initial Extension of Time **[DE 4]** filed by PIC is **STRICKEN** as not in compliance with N.D. Loc. Rule 6-1(c)(2), which states that the automatic extension allowed by the local rules is unavailable in cases involving pro se parties. All deadlines, including PIC's deadline to respond to the complaint, are **STAYED** pending further notice.

ORDERED this 28th day of July 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:     *Pro se* Plaintiff